IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>vs.<br><br>WAYNE MORRIS,<br><br>                   Defendant. | 4:20-CR-3119<br><br>TENTATIVE FINDINGS |

    The Court has received the revised modified presentence investigation report in this case. The defendant has objected to the presentence report (filing 29) and moved for a downward departure or variance (filing 25).

    IT IS ORDERED:

1.    The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)    give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)    resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to the presentence report on two grounds. Filing 29. First, the defendant objects to the base offense level of 18, which is based on tax losses of more than $250,000. *See* U.S.S.G. § 2T4.1(G). The defendant points out that the factual basis for the plea agreement only accounts for $83,107. Filing 29 at 1; *see* filing 9 at 3. Of course, the presentence report and the Court may also consider the defendant's relevant conduct, but because the defendant has objected, the government has the burden at sentencing to prove "the amount of taxes that the taxpayer failed to pay or attempted not to pay" by a preponderance of the evidence. U.S.S.G. § 2T1.1; *United States v. Hart, 324 F.3d 575, 578 (8th Cir. 2003)*. So, the Court will resolve this issue on the evidence adduced at sentencing.

The defendant also objects to the two-level enhancement for sophisticated means, arguing that failing to keep records is insufficient

- 2 -

where other efforts weren't undertaken to conceal the offense. Filing 29 at 4; *see Hart,* 324 F.3d at 579-80. But while "sophisticated means" for purposes of U.S.S.G. § 2T1.1(b)(2) "means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense," "'sophisticated means' need not be *highly* sophisticated." *See United States v. Norwood,* 774 F.3d 476, 480 (8th Cir. 2014) (emphasis supplied). Enhancement is appropriate, even if the defendant could have taken more intricate steps to avoid payment, when the government demonstrates that the scheme was more than a "routine tax-evasion case" such as falsifying a Form 1040 to avoid federal taxes. *See United States v. Brooks,* 174 F.3d 950, 958 (8th Cir. 1999). And here, the defendant not only destroyed business records: he also admitted to using a Philippine bank account and providing false information to his tax preparer. *See* filing 9 at 3. But again, the Court will resolve this objection at sentencing.

The defendant also moves for downward variance based on his age and health conditions (including vulnerability to COVID-19) and his personal characteristics. Filing 26; filing 28. For the same reasons, he alternatively moves for a downward departure pursuant to U.S.S.G. § 5H1.1, which provides that a departure may be appropriate when "the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration." Filing 25. This motion will be resolved at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

- 3 -

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 22nd day of March, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge